IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HEIMBACH,<br>Plaintiff, | : | Case No. 4:07-CV-1561 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| DOCTOR McGEE and<br>ALTOONA HOSPITAL,<br>Defendants. | : | |

## MEMORANDUM

### August  30 , 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This Court is in receipt of a Complaint initiating the above-captioned action, filed by pro se Plaintiff Ronald Heimbach ("Plaintiff" or "Heimbach") on August 24, 2007.[1] (Rec. Doc. 1). For the reasons that follow, this action will be dismissed.

## DISCUSSION:

Article III, Section 2 of the Constitution outlines the circumstances in which federal courts have subject matter jurisdiction over the actions that have been brought before them. Article III, Section 2 provides in relevant part: "The judicial

---

[1] To date, Plaintiff has neither paid the requisite filing fee nor filed an Application to Proceed In Forma Pauperis.

1

Power shall extend to all Cases, in Law and Equity, arising under this

Constitution, the Laws of the United States, and Treaties made, or which shall be

made . . . [and] to Controversies between . . . Citizens of different States . . . ."

Const. Art. III, § 2, cl. 1.  Thus, for federal courts to have subject matter

jurisdiction over civil actions, they must be able to exercise either federal question

jurisdiction or diversity jurisdiction.  See 28 U.S.C. §§ 1331-1332.  If subject

matter jurisdiction is in question, it is incumbent upon federal courts to ensure that

it exists.  See Morel v. Immigration and Naturalization Serv., 144 F.3d 248, 251

(3d Cir. 1998) (citing Ins. Corp. of Ireland, Ltd. v. Companie des Bauxite de

Guinee, 456 U.S. 694 (1982)).

In spite of this Court's liberal construction of pro se pleadings such as

Plaintiff's Complaint, Haines v. Kerner, 404 U.S. 519 (1972), our thorough review

of the Complaint fails to reveal any basis for subject matter jurisdiction over the

instant action.  First, federal question jurisdiction is not present because although

Plaintiff has styled this matter as a civil rights action under 42 U.S.C. § 1983 ("§

1983"), he has sued non-governmental actors, namely Doctor McGee, whom

Plaintiff describes as a "surgeon at outside medical facility" (doc. 1 at 3 (emphasis

omitted)), and Altoona Hospital, the medical facility at which Doctor McGee

works.  Thus, Plaintiff has not sued any person acting under the color of state law,

2

a requisite to any § 1983 action. See 42 U.S.C. § 1983. Moreover, Plaintiff has not alleged any violation of his Constitutional rights. Rather, he appears to assert medical malpractice claims against two private actors. (See Rec. Doc. 1 at 4 (characterizing Doctor McGee's behaviors as "negligent medical practices" and the hospital's involvement as "medical malpractice.") (emphasis omitted)). Second, diversity jurisdiction does not exist because the two Defendants against whom Plaintiff attempts to bring his medical malpractice claims appear to be citizens of the same state as Plaintiff, Pennsylvania.[2] Id. at 1 (identifying all three parties' addresses as within Pennsylvania).

As we can ascertain no cognizable ground for subject matter jurisdiction, we will dismiss the instant action without prejudice.[3]

An appropriate Order shall issue.

John E. Jones III
United States District Judge

---

[2] Although we offer no opinion on the merits of the medical malpractice claims that Plaintiff attempts to assert, should Plaintiff wish to pursue these claims, he should file suit in the appropriate Court of Common Pleas in Pennsylvania.

[3] If Plaintiff believes our construction of his Complaint or our conclusions based thereupon to be in err, he is free to file a motion for reconsideration.

3